UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANTHONY CARRUBA

    Plaintiff,

v.

ACCOUNT DISCOVERY SYSTEMS, LLC,
a New York limited liability company

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, ANTHONY CARRUBA, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC, hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and violations under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. (hereinafter the "TCPA"), and in support thereof alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), §15 U.S.C. §1692k(d), and 47 U.S.C. §227, *et seq.*.

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida

pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendant is a New York limited liability company whose transacts business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

4. Plaintiff, Anthony Carruba is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, Account Discovery Systems, LLC, is a New York limited liability company, and has its principal place of business in Broward County, Florida where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts for third parties.

## FDCPA BACKGROUND

7. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

8. Plaintiff, is alleged to have incurred a financial obligation to HSBC Bank.  Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5).

9. Between October 2013 and February 2014, Defendant initiated communications to Plaintiff and relatives of Plaintiff's family.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 et seq.**

10. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 9, herein.

11. Defendant violated §1692e(8) by communicating information with third parties in Defendant's telephone communications.

12. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

13. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

**TCPA BACKGROUND FACTS**

14. The Fair Debt Collection Practices Act, 47 U.S.C. §227, et seq. (hereinafter "TCPA"), was enacted in 1991 to restrict telephone solicitations and the use of automated telephone equipment which utilize artificial or prerecorded voice messages when contacting

consumers.

15. Plaintiff is alleged to have incurred a financial obligation which was being collected by the Defendant.

16. Defendant in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff via Plaintiff's cellular telephone using an automated telephone dialer system (hereinafter "ATDS").

17. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

18. A predictive dialer is considered an ATDS pursuant to FCC rulings. See generally, *Griffith v. Conswner Portfolio Serv. Inc.*, No. 10-cv-2697 (N.D. II. Aug. 16, 2011).

19. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or calls which contained a pre-recorded or artificial voice prior to Defendant's placement of the calls.

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(l)(A).

21. Defendant willfully or knowingly violated the TCPA.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 et seq.

22. Plaintiff re-alleges and incorporates the allegations contained in the TCPA Background Facts contained herein.

23. Defendants made unsolicited commercial telephone calls to Plaintiff's cellular telephone

        using either an automatic telephone dialing system or which contained a prerecorded message and/or an artificial voice.

24.    The calls were made without the prior express consent of the Plaintiff.

25.    The foregoing acts and omissions of Defendant constitute violations of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant of $500.00 per call, willful damages of $1,500 per call pursuant to 47 U.S.C. §227(b)(3), injunctive relief against Defendant to cease all communication with the Plaintiff that violates the TCPA, an award of costs of litigation, against Defendant, and other such relief in the discretion of this Court.

## **JURY TRIAL DEMAND**

26.    Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  September 19, 2014

                                        MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com


By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842