UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-62159-WPD

ANTHONY CARRUBA,

    Plaintiff,

v.

ACCOUNT DISCOVERY SYSTEMS, LLC,
A New York Limited Liability Company

    Defendants.

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT
AGAINST DEFENDANT, ACCOUNT DISCOVERY SYSTEMS, LLC**

COMES NOW, the Plaintiff, ANTHONY CARRUBA, by and through the undersigned counsel and pursuant to Rule 55(b)(2) of *Federal Rules of Civil Procedure*, moves this Court to enter a Final Default Judgment in favor of the Plaintiff against Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC, A New York Limited Liability Company (hereinafter, "Defendant"), and in support thereof, states as follows:

**BACKGROUND**

1. On or about September 19, 2014, Plaintiff filed a Complaint for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and violations under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. (hereinafter the "TCPA") [DE 1].

2. On October 22, 2014, Plaintiff effected service on the Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC, A New York Limited Liability Company.

3. On November 20, 2014, Plaintiff filed a Motion for Clerk's Default [DE 7], and a Clerk's

Default was entered on November 24, 2014 [DE 8].

4. The Plaintiff hereby files this Motion for Final Default Judgment.

## FDCPA FACTS

5. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy..

6. Plaintiff is alleged to have incurred a financial obligation to HSBC Bank. Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5).

7. Between October 2013 and February 2014, Defendant initiated communications to Plaintiff and relatives of Plaintiff's family.

8. Defendant violated §1692e(8) by communicating and disclosing information regarding the nature of the debt with third parties, including, but not limited to, Plaintiff's parents, in Defendant's telephone communications.

9. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

10. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, ANTHONY CARRUBA requests the entry of a Final Judgment in his favor and against Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC, A New York Limited Liability Company for an award of actual damages pursuant to 15 U.S.C.

§1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, and attorney's fees in the sum of $ 2,100.00, pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## TCPA FACTS

11. The Telephone Consumer Protection Act U.S.C. §227, et seq. (hereinafter "TCPA"), was enacted in 1991 to restrict telephone solicitations and the use of automated telephone equipment which utilize artificial or prerecorded voice messages when contacting consumers.

12. Plaintiff is alleged to have incurred a financial obligation which was being collected by the Defendant.

13. Defendant in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff via Plaintiff's cellular telephone using an automated telephone dialer system (hereinafter "ATDS").

14. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

15. A predictive dialer is considered an ATDS pursuant to FCC rulings. See generally, Griffith v. Consumer Portfolio Serv. Inc., No. 10-cv-2697 (N.D. Il. Aug. 16, 2011).

16. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or calls which contained a pre-recorded or artificial voice prior to Defendant's placement of the calls.

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(l)(A).

18. Defendant willfully or knowingly violated the TCPA.

19. Defendants made unsolicited commercial telephone calls to Plaintiff's cellular telephone

Case 0:14-cv-62159-WPD   Document 13   Entered on FLSD Docket 01/29/2015   Page 4 of 5

using either an automatic telephone dialing system or which contained a prerecorded message and/or an artificial voice.

20. The calls were made without the prior express consent of the Plaintiff.

21. The foregoing acts and omissions of Defendant constitute violations of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff, ANTHONY CARRUBA requests the entry of a Final Judgment in his favor and against Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC, A New York Limited Liability Company for an award of statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant of willful damages of $1,500 per call multiplied by 16 calls for a total of $ 24,000, pursuant to 47 U.S.C. §227(b)(3), injunctive relief against Defendant to cease all communication with the Plaintiff that violates the TCPA, an award of costs of litigation of $538.48, against Defendant, and other such relief in the discretion of this Court.

DATED:  January 29, 2015.

Respectfully Submitted,

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 – Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com – E-mail

By: /s/ Matthew J. Militzok
    MATTHEW J. MILITZOK, ESQ.
    Fla. Bar No.: 0153842

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the Defendant, Account Discovery Systems, LLC, A New York Limited Liability Company, via First Class U.S. Mail to C/O Corporation Service Company 1201 Hays Street, Tallahassee, Florida, 32301.

By: /s/ Matthew J. Militzok
    MATTHEW J. MILITZOK, ESQ.